Curia, per JohNSton, Ch.
This court is satisfied with the decree from which the appeal is taken.
As regards the admissions spoken of in the 2d and 3d grounds taken by the plaintiff, though there was some conversation at the bar between James G. Holmes and the defendant’s solicitor, I have no recollection of admissions to the effect stated. I feel very sure, if they had been brought to my view at the trial, as evidence intended to be relied on, they would have appeared on *351 my notes. This matter, therefore, being necessarily left to the defendant’s counsel, and his recollection differing from the statement, it must be discarded.
In relation to the most material of the defendant’s grounds,of, appeal, this court is of opinion the bill was well filed. Independently of the matters of account and the uniformity of a remedy here by which multiplicity and circuity of suits is prevented, we are of opinion that the plaintiff Miller, had a right to come here upon the foot of the agreement assigned to him, and to join his assignors in the bill.
The only part of the decree which appears to require explanation, is that part which seems to regard the transfer of I. E. Holmes’ title to Miss Holmes, as dating from the sheriff’s sale, instead of the 10th of June, 1843, the time when the sheriff executed the deed to her. The decree must be corrected in this respect, the effect of which correction will be to allow the defendant a set off for his advances and demands, to and against I. E. Holmes, up to the date of the sheriff’s deed.
With this explanation, it is ordered that the appeal be dismiss- ■ ed and the decree affirmed.
The whole court concurred.